828 P.2d 899

**WESTERN WORLD, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**Jack L. PRATER, Defendant–Appellant.**

No. 19189.

Court of Appeals of Idaho.

Feb. 27, 1992.

Petition for Review Denied May 5, 1992.

---

Randolph E. Farber, Nampa, argued, for defendant-appellant.

David E. Kerrick, Caldwell, argued, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from an order denying an award of attorney fees sought by the defendant-appellant, Jack Prater, upon successfully defending against an action brought by the respondent, Western World, Inc., to collect on a promissory note executed by Prater. We hold that the district court erred in denying the recovery of fees and we remand the case for further proceedings.

Western World commenced this action for collection of $6,000 allegedly due under a promissory note executed by Prater. In an amended answer, Prater denied there was any balance due on the note because the debt had been discharged. He requested that the action be dismissed and that he be awarded his costs and attorney fees, under I.C. §§ 12–120 and 12–121, for defending the action. Following a bench tri-

al, the district court entered a memorandum decision and judgment finding that the debt had been discharged by a corporate officer of Western World and that Western World was not entitled to any relief on its claim against Prater. The court also determined that Prater was the prevailing party and was entitled to recover his costs. However, the court held that Prater would not be granted any award for recovery of his attorney fees.

Fourteen days after the judgment was entered, Prater filed a motion pursuant to I.R.C.P. 59(a) to amend the judgment by permitting him to recover attorney fees under I.C. § 12–120(1) (prevailing party in a civil action involving less than $25,000); under I.C. § 12–120(3) (prevailing party in an action to recover on a negotiable instrument); under I.C. § 12–121 and I.R.C.P. 54(e)(1) (prevailing party in a civil action which was brought frivolously); and under I.R.C.P. 37(c) (recovery of expenses in proving matters denied in requests for admission). Western World objected to Prater's motion on the ground that Prater had not filed and served a memorandum of costs within fourteen days of the judgment as required by I.R.C.P. 54(d)(5) and 54(e)(5).[1]

Upon hearing Prater's motion and the objection by Western World, the court reached the following conclusions. First, the court held that the evidence in the record was insufficient to find that there was any basis for an award of fees to Prater under I.R.C.P. 37(c). Second, with regard to I.C. § 12–121, the court determined that the claim for collection on the promissory note was not brought frivolously by Western World.[2] Next, the court

---

1. I.R.C.P. 54(d)(5) provides in part:

    At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.... Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of [sic] costs.

   Concomitantly, I.R.C.P. 54(e)(5) provides:
    Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action

and processed in the same manner as costs and included in the memorandum of costs;
    ....

2. Idaho Code § 12–121 provides that, in any civil action, "the judge may award reasonable attorney's fees to the prevailing party or parties".... This statute has been supplemented by I.R.C.P. 54(e)(1), which states:

    In any civil action the court may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract. Provided, attorney fees under section 12–121,

found that Prater was the prevailing party in the action and that he would be entitled to an award for attorney fees under either I.C. § 12–120(1) or I.C. § 12–120(3). However, the court discerned a problem with Prater's procedure in moving to amend the judgment under I.R.C.P. 59 and his failure to file a memorandum of costs, including a claim for attorney fees, within fourteen days of the judgment as required by I.R.C.P. 54(d)(5). The court explained:

I have to find under 12–120 that the Defendant, Prater, was the prevailing party, and that he was entitled to attorney's fees. But—and I recognize that [Rule] 59 is for the purpose of amending a judgment, and I think that that's correct; and I think that that is the purpose of Rule 59.

But I have some problems with how that rule meshes with Rule 54(d)(5) which provides, and I quote, "At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense."

And so, it doesn't require this Court to make a determination that the party is entitled to costs before they can file the memorandum of costs; it just says that any party who claims costs may file.

And so, I read that to indicate that it is inclusive of those parties who the Court has designated as entitled to costs and those who think that they are entitled to the Court hasn't designated [sic]. And then it goes on to read in Rule 54(d)(5) such memorandum of costs may not be filed later than 14 days after the entry of the judgment.

Then it goes on to say that what they have to specify, then it goes on to say: "Failure to file such memorandum of costs within the period proscribed by this rule shall be a waiver of the right of costs." And that's in "shall" language.

So, I believe that is the correct construction of the entire rules, between Rule 54(d)(5) and Rule 59 requires this

Court to grant [Prater's] motion in the sense that it would show that [he] was entitled to attorney's fees under 12–120, either Subsection 1 or 3; but that the failure to file timely a memorandum of costs shall be considered a waiver of the right of costs. And that's what my ruling is going to be.

Because otherwise I think that we—that I think gives life to Rule 59, but also I think it gives life to Rule 54(d), and I think that these rules have to be construed in such a way that they are compatible. And I think that the broad language under Rule 54(d) that says: "Any party that claims costs may file and serve ..." means, it doesn't have to be a person who, as the Court says, is entitled to under that judgment or verdict.

And construing it, the language which I think is plain and simple, straightforward language of it. I feel that the Court can reach no other conclusion in this case than [to] grant [Prater's] motion; but then also rule that, because of a failure to timely file the memorandum of costs, that those costs are waived. So that's my ruling.

Consistent with this ruling, the court entered an order granting Prater's motion to amend the judgment to reflect that he was the prevailing party in the collection action and was entitled to an award of attorney fees under I.C. § 12–120 but that Prater had "waived any claim for attorney fees and costs by virtue of not having filed a Memorandum of Costs as called for by Rule 54(d)(5)."

Prater challenges the court's conclusion that he waived his right to recover an award of attorney fees by not filing a memorandum of costs under I.R.C.P. 54(d)(5). He argues that he was placed in a "Catch–22" situation where he felt it would be improper to file a memorandum of costs for his attorney fees claim, because the court had already entered a judgment denying recovery of the claim, until after he

Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or de-

fended frivolously, unreasonably or without foundation; ....

was successful in obtaining an amendment of the judgment. We agree.

The district court attempted to reconcile the rule requiring a timely filing of a cost memorandum with the rule permitting a motion to amend the judgment by rigidly applying the strictures of I.R.C.P. 54(d)(5). The court's view would have required Prater to perform a virtually useless act by filing a claim for attorney fees when the court already had ruled, by its judgment, that Prater was not entitled to recover any such award. Until the judgment was amended with respect to the attorney fees determination, a claim for that item would be subject to objection, and likely stricken on the ground that the question of entitlement already had been adjudicated. It was not until the court granted the motion to amend the judgment that Prater became entitled to an award for fees. Instead of the strict approach taken by the district court, the court should have reconciled the perceived tension between the two rules in a more liberal fashion.[3] The court should have recognized that the right to costs, and an award for attorney fees, would mature anew when an amended judgment was entered reflecting the court's determination that Prater was entitled to an award for fees, under I.C. § 12–120.[4]

In accordance with this conclusion, we reverse the order of the district court insofar as it held Prater was precluded from obtaining an award of his costs and attorney fees due to the lack of a timely memorandum of costs under I.R.C.P. 54(d)(5). We remand this case for entry of an amended judgment reciting that, as prevailing party, Prater is entitled to an award of a reasonable sum for attorney fees under I.C. § 12–120. Thereafter, the extent of Prater's recovery will depend upon his compliance with I.R.C.P. 54(d)(5) and 54(e)(5), subject to objection by Western World under I.R.C.P. 54(d)(6) and 54(e)(6), and such further resolution by the district court as may be necessary.

Costs and a reasonable sum for attorney fees on appeal, pursuant to I.C. § 12–120, are allowed to the appellant and prevailing party, Jack Prater, to be determined under I.A.R. 40 and 41. *Spidell v. Jenkins*, 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986).

SWANSTROM and SILAK, JJ., concur.

---

3. In reference to the rules of procedure, I.R.C.P. 1(a) counsels that "These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding."

4. ˙ We do not mean to suggest that where the judgment makes *no* mention of an award of costs or fees, the prevailing party need not file a

memorandum of costs and fees until the court rules favorably on the question of *entitlement.* Our ruling here narrowly applies to the facts of this case, where the court barred the door to an award of fees, then later removed the bar but ruled that because the prevailing party had not crossed the threshold while the bar was in place, his claim for fees was untimely.