IN THE SUPRME COURT OF THE STATE OF IDAHO
Docket No. 33824

TRILOGY NETWORK SYSTEMS, INC., a Nevada corporation, )
)
    Plaintiff-Appellant, )
)
v. )
)
DAVID JOHNSON, )
)
    Defendant-Respondent. )
)

Twin Falls, November 2007

2007 Opinion No. 123

Filed: November 30, 2007

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. John K. Butler, District Judge.

District court decision denying damages and attorney fees, <u>affirmed.</u>

J. Justin May, Boise, argued for appellant.

Kent David Jensen, Jerome, argued for respondent.

_____

BURDICK, Justice

Appellant Trilogy Networks Systems, Inc. (Trilogy) appeals the district court decision denying it damages and attorney fees after it prevailed on its breach of contract claim at trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent David Johnson was employed by Trilogy. After Johnson terminated his employment with Trilogy, Trilogy instituted a lawsuit against Johnson. That lawsuit was ultimately settled with Trilogy and Johnson entering into a stipulated settlement agreement that contained provisions regarding with which of Trilogy's customers Johnson could and could not do business for one year.

During the year covered by the stipulation, Johnson did business with Seastrom Manufacturing, Inc. (Seastrom). Both Trilogy and Johnson had submitted bids to Seastrom. Seastrom awarded Johnson the contract on the software and Trilogy the contract on the

1

hardware. However, Seastrom was one of the customers with whom Johnson was not to do business.

During the bidding process, Trilogy became aware of Johnson's bid and notified Johnson that it objected to his dealings with Seastrom. Nonetheless, Johnson continued dealing with Seastrom, and Trilogy ultimately filed suit against Johnson for breach of contract and damages.

After a court trial, the district court found that Johnson had breached the agreement with Trilogy. However, the district court also found that Trilogy had failed to prove its damages with reasonable certainty. It then entered judgment in favor of Trilogy, but did not award Trilogy damages or attorney fees. Trilogy appeals the district court decision as to damages and attorney fees.

## II. ANALYSIS

This Court must consider three issues. First, whether there was sufficient evidence from which the trial court could calculate damages and whether the court's failure to award damages was error. Second, whether the trial court erred by denying Trilogy attorney fees below, and third, whether either party is entitled to attorney fees on appeal. We will turn first to the question of damages.

### A. Damages

Trilogy argues that the trial court erred by not awarding it damages after determining that Johnson had breached the settlement agreement. The decision to not award damages is reviewed for clear error. *Moeller v. Harshbarger*, 118 Idaho 92, 93, 794 P.2d 1148, 1149 (Ct. App. 1990). The findings of the trial court on the question of damages will not be set aside when based on substantial and competent evidence. *Idaho Falls Bonded Produce & Supply Co. v. General Mills Rest. Group, Inc.*, 105 Idaho 46, 49, 665 P.2d 1056, 1059 (1983).

The measure of damages for the breach of an anti-competition clause is the amount that the plaintiff lost by reason of the breach, not the amount of profits made by the defendant. *Dunn v. Ward*, 105 Idaho 354, 356, 670 P.2d 59, 61 (Ct. App. 1983). The measure of damages for loss of profits is "rarely susceptible of accurate proof. . . ." *Ryska v. Anderson*, 70 Idaho 207, 213, 214 P.2d 874, 876 (1950). Therefore, the law does not require "accurate proof with any degree of mathematical certainty. . . ." *Vancil v. Anderson*, 71 Idaho 95, 105, 227 P.2d 74, 80 (1951). Damages need be proved only with a "reasonable certainty[,]" and this means "that [the] existence of damages must be taken out of the realm of speculation." *Anderson & Nafziger v.*

2

*G.T. Newcomb, Inc.*, 100 Idaho 175, 182-83, 595 P.2d 709, 716-17 (1979) (citations omitted). "The mere fact that it is difficult to arrive at [an] exact amount of damages, where it is shown that damages resulted, does not mean that damages may not be awarded; it is for the trier-of-fact to fix the amount." *Bumgarner v. Bumgarner*, 124 Idaho 629, 640, 862 P.2d 321, 332 (Ct. App. 1993) (citing *Smith v. Daniels*, 93 Idaho 716, 718, 471 P.2d 571, 573 (1970)). The profits realized by the defendant may be considered by the trier-of-fact, if shown to correspond with the loss of the plaintiff. *Dunn*, 105 Idaho at 356, 670 P.2d at 61.

In its *Findings of Fact and Conclusions of Law and Order*, the district court determined that Trilogy had failed to prove its damages because it had failed to offer into evidence its original bid to Seastrom or any comparison between its costs and the costs to Johnson. Additionally, it noted while it could consider Johnson's profits as evidence, it could only consider them "in determining the reasonableness of the plaintiff's proof as to its lost profits," but not as a substitute for such proof. The district court also set out the reasons why it was not persuaded by plaintiff's submitted proof.

The district court's decision is supported by the record. Scott A. Wilson, president of Trilogy, testified that Trilogy's profit margin and Johnson's profit margin were similar. After discussing Johnson's actual purchasing costs and profits, Wilson testified that Trilogy would have made a comparable profit working within its profit margins. On cross-examination, Wilson testified that Johnson's profit "would have been in the vicinity" of Trilogy's profits, but that he would need a list of the exact software used "and go through [Trilogy's] pricing to tell . . . exactly what [Trilogy] would have made." When the district court examined him, Wilson again testified that Trilogy's profit would have been "very similar" to Johnson's and that he would expect to make eleven to twelve percent profit on the purchase price. In addition to Wilson's testimony, Jeff Jardine, a Trilogy employee and shareholder, testified that Trilogy would have used an eleven to twelve percent markup in its dealings with Seastrom.

Trilogy argues that stating a conclusion regarding its profit margin, without any factual support, is enough to take the issue of damages out of the realm of speculation. Such is not the standard under Idaho law. *See Dunn*, 105 Idaho at 357, 670 P.2d at 62. Trilogy failed to offer into evidence any proof of what its costs and profits would have been had Seastrom awarded it the contract. Its only proof was conclusory statements that Johnson and Trilogy would have made similar profits. Trilogy failed to offer into evidence its bid to Seastrom for the software

3

portion of the project, which would have shown its costs and the profit margin it expected for that portion of the bid. Although Trilogy had a list of the software Johnson supplied Seastrom, there was no showing as to what the costs to Trilogy would have been for the software ultimately used by Johnson to complete the project. As such, Trilogy failed to persuade the district court of any correspondence between what its profit would have been and Johnson's actual profit, and thus failed to take the measure of its damages out of the realm of speculation. Therefore, the district court did not err when it declined to award damages.

**B. Attorney Fees Below**

The district court determined that Trilogy had prevailed on the issue of breach and that Johnson had prevailed on the issue of damages. It concluded, therefore, that there was no prevailing party pursuant to I.R.C.P. 54(d)(1)(B). Trilogy argues that the district court erred by failing to award it attorney fees and costs as it was the prevailing party.

The determination of who is the prevailing party is within the trial court's sound discretion, I.R.C.P. 54(d)(1)(B), and this Court will not disturb that decision unless there is an abuse of discretion. *Farm Credit Bank of Spokane v. Wissel*, 122 Idaho 565, 568, 836 P.2d 511, 514 (1992). When examining whether a trial court abused its discretion, this Court considers:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of this discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Id*. (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power*, 119 Idaho 87, 803 P.2d 993 (1991)).

Here, the district court correctly perceived the issue as one of discretion (it cited to I.R.C.P. 54(d)(1)(B)). It also acted consistently with the legal standards. Rule 54 directs courts to consider who the prevailing party is in relation to the relief sought by each party. Here, Trilogy sought as damages the profits Johnson obtained, and Johnson sought to have his breach excused because of a unilateral mistake. The court noted this and considered the relief sought when determining whether to award attorney fees. Finally, it reached its decision through the exercise of reason. Therefore, we affirm the decision to have each party bear its own costs and fees.

**C. Attorney Fees on Appeal**

Trilogy seeks attorney fees on appeal pursuant to I.C. § 12-120. However, we decline to award attorney fees because Trilogy is not the prevailing party. *See Fenn v. Noah*, 142 Idaho

4

775, 780, 133 P.3d 1240, 1245 (2006). Johnson also seeks attorney fees pursuant to Idaho Appellate Rules 35(b)(5)[1] and 41(a). However, as we have ruled numerous times, Rule 41 provides the procedure for requesting attorney fees on appeal, but is not authority alone for awarding fees, *Goodman v. Lothrop*, 143 Idaho 622, 628, 151 P.3d 818, 824 (2007), and Rule 35 does not provide authority for the award of attorney fees. Therefore, we decline to award Johnson attorney fees.

### III. CONCLUSION

We affirm the district court because Trilogy failed to provide evidence from which the trial court could calculate damages and because the district court did not abuse its discretion by not awarding attorney fees below. We decline to award attorney fees on appeal to either party. Costs to Repondent.

Chief Justice EISMANN and Justices J. JONES, W. JONES, and HORTON, **CONCUR.**

---

[1] It appears Johnson is citing to I.A.R. 35 for the authority that he must indicate he seeks attorney fees in his opening brief. I.A.R. 35(b)(5).