**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 38146**

| | | |
|---|---|---|
| DAVID F. OAKES, M.D., | ) | |
| | ) | |
|     Plaintiff-Counterdefendant-Appellant, | ) | Boise, January 2012 Term |
| | ) | |
| v. | ) | 2012 Opinion No. 43 |
| | ) | |
| BOISE HEART CLINIC PHYSICIANS, | ) | Filed: March 2, 2012 |
| PLLC, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
|     Defendant-Counterclaimant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, Senior District Judge.

District court determination on attorney fees, <u>reversed</u> and <u>remanded.</u>

Banducci, Woodward, Schwartzman, PLLC, Boise, for appellant. Thomas A. Banducci argued.

Duke, Scanlan & Hall, Boise, for respondent. Keely E. Duke argued.

---

BURDICK, Chief Justice

This case arises out of a determination by the district court that David Oakes (Oakes) was not the prevailing party in his claim against his former employer, Boise Heart Clinic Physicians, PLLC (BHC). Oakes brought a claim against BHC alleging that the company owed him $25,171.69 pursuant to an employment contract. BHC filed a counterclaim alleging that Oakes had been overcompensated for his work, and that Oakes owed BHC $32,794.10 for the overpayment. The jury sided with Oakes and awarded him $2,043.92, a fraction of the amount he sought. The district court entered a judgment conferring to Oakes the amount awarded by the jury, but found that neither party was the prevailing party for purposes of costs or attorney fees. Oakes appeals that determination to this Court.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Oakes was employed as a cardiologist by BHC from January 2000 until the end of July 2008, when he left to pursue other employment opportunities. While employed by BHC, Oakes had an employment agreement that entitled him to "an annual salary in an amount equal to fifty percent (50%) of the adjusted gross charges generated by the Physician." The charges generated by Oakes were from several different employment activities. Aside from his work for BHC, Oakes interpreted electrocardiograms for St. Luke's Regional Medical Center (St. Luke's) and participated on the Heart and Vascular Board. The employment agreement also governed Oakes's compensation for this work. Finally, Oakes was involved in a program through BHC called "Gainshare" that gave physicians a share of any reductions in costs or waste in patient care. Because of these complicated arrangements, Oakes's final payment would not be calculated until after his departure. The dispute over this final payment amount eventually led to the commencement of this action.

After his employment ended, Oakes engaged in correspondence with BHC for the purpose of receiving his final payment. Oakes never received any payment, instead receiving a series of letters that detailed the evolving computation of his final payment. The letters from BHC show a gradual increase in the amount of money BHC claims that it overpaid Oakes, finally reaching a total of $29,310.08. The May 11, 2009 letter from BHC included a demand for repayment.

On August 11, 2009, Oakes filed a Complaint and Demand for Jury Trial, claiming that BHC still owed him money under the employment agreement. At trial, Oakes detailed the alleged amounts owed to him, which totaled $25,171.69.[1] BHC brought a counterclaim and alleged at trial that Oakes was overpaid by $32,794.10.

In rendering its verdict, the jury was given a choice between three special verdict forms that corresponded with the three possible verdicts: one finding that neither party is entitled to recover from the other; one that finding that BHC owed money to Oakes; and one finding that Oakes owed money to BHC. The jury returned with a verdict in favor of Oakes, and against BHC, that awarded Oakes $2,043.92. After the verdict, Oakes submitted a proposed judgment and supporting memorandum that contained, among other things, a request for treble damages

---

[1] This figure is the sum of $23,047.82 from Gainshare payments, $1,132.17 from electrocardiogram readings, and $911.70 in H&V payments.

under the Wage Claims Act. BHC filed a motion in opposition to the proposed judgment, taking particular issue with the request for treble damages. On October 4, 2010, the district court entered a final judgment that awarded Oakes $2,043.92 and declared that neither party was the prevailing party for purposes of costs and attorney fees. Oakes timely filed a Notice of Appeal to this Court.

## II. STANDARD OF REVIEW

The determination of prevailing party status is committed to the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010) (citing *Shore v. Peterson,* 146 Idaho 903, 915, 204 P.3d 1114, 1126 (2009)). When examining whether a district court abused its discretion, this Court considers whether the district court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of that discretion and consistently within the applicable legal standards; and (3) reached its decision by an exercise of reason. *Id.* Only in the rarest of circumstances will this Court reverse the district court's determination of which party prevailed. *Shore*, 146 Idaho at 914, 204 P.3d at 1125.

## III. ANALYSIS

**A. The district court erred in finding that Oakes was not the prevailing party in this matter.**

Oakes argues that the jury chose the verdict form that represented a victory on his claim and a defensive victory over BHC's counterclaim. Oakes claims that in so choosing, the jury declined to use either a verdict form that would entitle neither party to any award, or a form that would entitle BHC to an award. In response, BHC puts forward several arguments regarding waiver and contends that the district court did not abuse its discretion.

      1.   <u>Whether this claim is waived on appeal.</u>

In its brief, BHC argues that Oakes waived the issue of attorney fees in several different ways. First, since Oakes argued that the Idaho Wage Claim Act applied in this case – an argument that the district court rejected – it would preclude attorney fees under any other statute. Secondly, that Oakes waived the issue by not timely filing a memorandum for costs and fees. And finally, that Oakes is asking for fees under I.C. § 12-120(3) for the first time on appeal.

3

*a. Whether the wage claim act was the exclusive avenue for attorney fees.*

In his proposed judgment, Oakes asked the district court for treble damages under I.C. § 45-615, a section of the Idaho Wage Claims Act. Idaho Code section 45-615 allows attorney fees and treble damages in a suit filed to recover wages as they are defined by I.C. § 45-601(7). BHC argues that, since the district court declined to treble the damages, the court implicitly ruled that Oakes did not prevail on his wage claim and thus was not entitled to attorney fees and costs under I.C. § 45-615. BHC also argues that since Oakes characterized his lawsuit as a wage claim, I.C. § 45-615 should be his only avenue for attorney fees and costs. On appeal, Oakes has waived the issue of whether the district erred by not trebling damages under I.C. § 45-615.[2]

In support of its position, BHC cites *Bilow v. Preco, Inc.*, where an employee received summary judgment in his favor on a wage claim under I.C. § 45-615 but was not awarded attorney fees. 132 Idaho 23, 966 P.2d 23 (1998). On appeal, this Court found that:

> [A]n award of attorney fees in addition to treble damages would constitute an unreasonable windfall to the employee and would punish the employer too harshly. Therefore, we hold that I.C. § 45-615 is the *exclusive* code section under which an employee can recover attorney fees when the employee properly brings a claim for wages and treble damages under I.C. §§ 45-61[5], -617.

*Id.*, at 32, 966 P.2d at 32 (internal citations omitted).

Here, the district court implicitly determined that Oakes's claim did not fall under I.C. § 45-615, so any case law stating I.C. § 45-615 as the exclusive avenue for attorney fees would be inapplicable. In addition, as discussed below, the claim is fundamentally a breach of contract claim. Therefore, Oakes's attempt to invoke the Idaho Wage Claim Act would not preclude his receipt of attorney fees under any other statute.

*b. Whether Oakes waived the issue of attorney fees by not timely submitting a memorandum of costs and fees.*

BHC argues that Oakes waived the issue of attorney fees by not submitting to the district court a memorandum of costs nor timely moving for time extension for filing the same, and that the issue is now moot. Idaho Rule of Civil Procedure 54(d)(5) states, *inter alia*, that:

> At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.

---

[2] The issue appeared in Oakes's Notice of Appeal but was withdrawn in Oakes's initial brief.

Oakes argues that submission of a memorandum of costs and fees would have been futile, since the district court ruled only thirteen days after the jury verdict that neither party prevailed. On this point, Oakes cites the holding in *Western World, Inc. v. Prater*, where the Court of Appeals found that the prevailing party did not waive the right to recover fees by failing to timely file a memorandum of costs when the initial judgment indicated that the prevailing party was not entitled to attorney fees. 121 Idaho 870, 828 P.2d 899 (Ct. App. 1992).

> Until the judgment was amended with respect to the attorney fees determination, a claim for that item would be subject to objection, and likely stricken on the ground that the question of entitlement already had been adjudicated. It was not until the court granted the motion to amend the judgment that Prater became entitled to an award for fees.

*Id*. at 873, 828 P.2d at 902.

BHC argues that *Prater* should be applied narrowly, since Prater was excused from submitting a timely memorandum of costs because he moved to amend the judgment, which tolled the period for filing such a memorandum. *Id*. at 872–73, 828 P.2d at 901–02. BHC argues that this is distinguishable from the present case since in *Prater* the district court amended the judgment to show a prevailing party. Here, like in *Prater*, the trial court had ruled there was no prevailing party and therefore filing of a memorandum of fees and costs would have been futile. Therefore, there was no waiver of claims for attorney fees or costs.

> c. *Whether Oakes is asking for attorney fees under I.C. § 12-120(3) for the first time on appeal.*

BHC argues that, since Oakes did not raise the issue of attorney fees under I.C. § 12-120(3) to the district court in his post-trial request for fees, the issue is not preserved for appeal. Oakes argues that this issue is not ripe for review, and that he is only seeking a determination that he was the prevailing party before the district court. In his proposed judgment, Oakes asked for the district court to find him to be the prevailing party but did not specifically reference I.C. § 12-120(3) or any other statute. Also, Oakes did not make an argument for attorney fees under any statute, nor did he include an argument that he was the prevailing party, in his memorandum in support of his proposed judgment.

"It is well established that '[a] party claiming attorney's fees must assert the specific statute, rule, or case authority for its claim.'" *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 720, 117 P.3d 130, 134 (2005) (quoting *MDS Invs., LLC v. State*, 138 Idaho 456, 465, 65 P.3d 197, 206 (2003)). However:

5

[A] party need not have listed a specific attorney fee provision in its pleading in order to obtain a fee award under that provision upon prevailing in the litigation. While it is obviously the better practice to specify the fee request in the pleading, both to preserve a claim for fees in the event of a default and to put the opposing party on notice of the fee claim, failure to do so is not fatal to a fee claim in a contested matter.

*Eighteen Mile Ranch*, 141 Idaho at 721, 117 P.3d at 135. An appropriate time for a party claiming fees to provide the necessary statutory and case authority is in the memorandum in support of costs. I.R.C.P. 54(e)(5); *see also Eighteen Mile Ranch*, 141 Idaho at 721, 117 P.3d at 135.

Here, Oakes included the statutory grounds for attorney fees in his initial complaint. Also, as discussed above, since Oakes had not yet submitted a memorandum of costs and fees under I.R.C.P. 54(d)(5) when he filed his notice of appeal, it cannot be argued that he failed to raise the issue.

2. The district court erred in finding that Oakes was not the prevailing party.

Oakes's primary issue is that the district court abused its discretion in finding that he was not the prevailing party. He argues that he was the prevailing party in two ways: by receiving an award on his claims and by defeating BHC's counterclaims. In response, BHC argues that Oakes failed on the gravamen of his claim and that the district court did not abuse its discretion when it determined that neither party prevailed.

Idaho Rule of Civil Procedure 54(d)(1)(B) guides courts' inquiries of the prevailing party question.

In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B).

In determining which party prevailed where there are claims and counterclaims between opposing parties, the court determines who prevailed "in the action"; that is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis.

6

*Shore*, 146 Idaho at 914, 204 P.3d at 1125; *Eighteen Mile Ranch,* 141 Idaho at 719, 117 P.3d at 133.

BHC argues that Oakes was only partially successful, as evidenced by the partial award from the jury. BHC also argues that the wage claim was the gravamen of the lawsuit, that Oakes failed on this claim, and is therefore not the prevailing party. Oakes argues that breach of contract is the gravamen of the action, and that the wage claim is merely an addition. The gravamen of a claim is "integral to the claim and constitute[s] the basis upon which the party is attempting to recover." *Troupis v. Summer,* 148 Idaho 77, 81, 218 P.3d 1138, 1142 (2009). Here, the fundamental issue in Oakes's complaint is whether or not the employment agreement was breached by either party, and any wage claim would be ancillary to that finding. Also, the jury instructions explicitly noted that any payments must arise as a matter of contract between Oakes and BHC. It is clear that the contract is the central issue, but that still leaves questions about the partial recovery.

This Court has held that when both parties are partially successful, it is within the district court's discretion to decline an award of attorney fees to either side. *Jorgensen v. Coppedge*, 148 Idaho at 538, 224 P.3d at 1127 (citing *Israel v. Leachman,* 139 Idaho 24, 27, 72 P.3d 864, 867 (2003)). In *Israel,* the plaintiffs prevailed on their Idaho Consumer Protection Act claims but did not prevail on their breach of contract, statutory violations, or fraud claims. 139 Idaho at 25–26, 72 P.3d at 865–66. This Court affirmed the district court's decision not to award attorney fees because it determined that both parties prevailed in part. *Id.* at 28, 72 P.3d at 868. Similarly, in *Trilogy Network Systems, Inc. v. Johnson*, this Court affirmed the district court's determination that each party had prevailed in part and was unsuccessful in part because the plaintiff was successful in proving a breach of contract but failed to prove damages. 144 Idaho 844, 847–48, 172 P.3d 1119, 1122–23 (2007). In both *Israel* and *Trilogy Network Systems*, this Court deferred to the discretion of the district court because each time the lower court utilized, either explicitly or implicitly, the prevailing party analysis in Idaho Rule of Civil Procedure 54(d)(1)(B) and looked at the multiple claims of each party in determining that neither party prevailed in the action. *See Jorgensen,* 148 Idaho at 538–39, 224 P.3d at 1127–28. However, the present case is distinguishable from both *Israel* and *Trilogy Network Systems*. Unlike this case, *Israel* had no cross-appeal, so the respondent's defeat of several claims only constituted a partial victory when the action was viewed on the whole. 139 Idaho at 26, 72 P.3d at 866. In *Trilogy Network*

*Systems*, the appellant was not able to prove damages to a reasonable certainty and was therefore not awarded damages at trial. 144 Idaho at 847, 172 P.3d at 1122. In contrast, here, Oakes was awarded $2,043.92 in damages on his claims and defeated BHC's counterclaim.

The instant case is conceptually similar to this Court's holding in *Eighteen Mile Ranch*. In *Eighteen Mile Ranch*, the two parties were involved in a contract dispute, with each filing a claim against the other for payment under the contract. 141 Idaho at 718, 117 P.3d at 132. At trial, Nord Excavating was awarded $1,054.38 on a counterclaim in which they sought roughly $12,000. *Id*. This Court reversed the trial court's determination that, although the defendant successfully defended against the plaintiff's claims and won a small portion of their counterclaim, the defendant was not the prevailing party. 141 Idaho at 719, 117 P.3d at 133. In its holding, this Court analyzed the prevailing party issue through an overall view.

> Viewing its success from an overall standpoint, Nord Excavating was a prevailing party. In ruling it was not, the district court focused too much attention on the Company's less than tremendous success on its counterclaim and seemingly ignored the fact that the Company avoided all liability as a defendant. The district court improperly undervalued the Company's successful defense. Avoiding liability is a significant benefit to a defendant. In baseball, it is said that a walk is as good as a hit. The latter, of course, is more exciting. In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff. The point is, while a plaintiff with a large money judgment may be more exalted than a defendant who simply walks out of court no worse for the wear, courts must not ignore the value of a successful defense. In this case, logic suggests that a verdict in Nord Excavating's favor and a victory on its counterclaim (albeit, a relatively small one), by definition, makes it a prevailing party.

*Id*.

Here, the circumstances are very similar to those in *Eighteen Mile Ranch*. Oakes received an award far smaller than that which he sought, but he also defeated BHC's counterclaim. Additionally, the victory was not pyrrhic, as Oakes's award was for more than a nominal amount. *See Burns v. Cnty. of Boundary*, 120 Idaho 614, 818 P.2d 318 (1991) (where this Court affirmed that a plaintiff who sought $1,000,000 but only received $45 was not the prevailing party). Oakes argues that his award, coupled with the successful defense against BHC's counterclaim, constitutes the same dual victory achieved by Nord Excavating in *Eighteen Mile Ranch*.

BHC points out that Nord Excavating was the defendant in *Eighteen Mile Ranch*, a position from which the avoidance of liability is an important victory. This argument is

undermined by this Court's decision in *Bates v. Seldin*, where the plaintiff was found to be the prevailing party in a breach of contract claim. 146 Idaho 772, 774, 203 P.3d 702, 704 (2009). In *Bates*, this Court upheld the finding even though the plaintiff recovered substantially less than the amount sought, in part because the plaintiff successfully defended against the defendant's counterclaims. *Id*. at 777, 203 P.3d at 707.

Given the analogous circumstances to the controlling precedent in *Eighteen Mile Ranch* and *Bates*, we find that the district court abused its discretion when it declined to find Oakes to be the prevailing party.

**B. Oakes is entitled to attorney fees and costs on appeal pursuant to I.C. § 12-120(3).**

Oakes argues that if this Court finds in his favor on appeal, he is entitled to costs and fees on appeal pursuant to I.A.R. 40, I.A.R. 41, I.C. § 12-120(3), and I.C. § 12-121. In response, BHC argues that if this Court affirms the determination of the district court, and determines that I.C. § 12-120(3) applies, that BHC would be entitled to an award of fees on appeal.

Idaho Code section 12-120(3) states that "[i]n any civil action to recover on . . . any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court . . . ." "The mandatory attorney fee provisions of I.C. § 12–120 govern on appeal as well as in the trial court." *Eighteen Mile Ranch*, 141 Idaho at 721, 117 P.3d at 135*; see also Eagle Water Co. v. Roundy Pole Fence Co*., 134 Idaho 626, 630, 7 P.3d 1103, 1107 (2000).

Actions brought for breach of an employment contract are considered commercial transactions, subject to the attorney fee provision of I.C. § 12–120(3). *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 415, 179 P.3d 1064, 1071 (2008) (citing *Willie v. Bd. of Trustees*, 138 Idaho 131, 136, 59 P.3d 302, 307 (2002)). Since the gravamen of this action is the breach of an employment contract, I.C. § 12-120(3) is an applicable ground for the award of attorney fees to the prevailing party. Therefore, as the prevailing party, Oakes is entitled to attorney fees and costs on appeal under I.C. § 12-120(3). Because we award attorney fees under I.C. § 12-120(3), we do not address the issue of attorney fees under I.C. § 12-121.

## IV. CONCLUSION

We hold that the district court abused its discretion by not finding Oakes to be the prevailing party, and we remand to the district court for a determination of costs and fees

pursuant to this ruling.   Because Oakes has prevailed on appeal, we also award Oakes costs and fees on appeal pursuant to I.C. § 12-120(3).

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**