IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38714

DANIEL S. FUCHS, dba AUBREY'S
HOUSE OF ALE,

    Petitioner-Appellant,

v.

IDAHO STATE POLICE, ALCOHOL
BEVERAGE CONTROL,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Boise, May 2012 Term**

**2012 Opinion No. 92**

**Filed: June 14, 2012**

**Steven W. Kenyon, Clerk**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

District court decision, <u>affirmed.</u>

Brian N. Donesley, Boise, argued for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Stephanie A. Altig, Deputy Attorney General argued.

---

BURDICK, Chief Justice

This case concerns the appeal of Appellant Daniel S. Fuchs (Fuchs) from the district court's decision finding that the Director of the Idaho State Police, Alcohol Beverage Control (ABC) had properly exercised his discretion when he ruled that neither party had been a prevailing party for the purposes of attorney fees. We agree that Fuchs was not a prevailing party and affirm the district court's decision to deny attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2008, Fuchs was issued a Retail Alcohol Beverage License and subsequently opened Aubrey's House of Ale (Aubrey's) in Coeur d'Alene. The operating hours for Aubrey's were Monday through Saturday from 10:00 am to 6:00 pm. The Alcohol Beverage Control Bureau Chief conducted an unannounced inspection of the premises on September 16, 2008; meeting with an employee of Aubrey's, examining the liquor and beer supply, and acquiring sales records from June 2008 to September 2008. The Bureau Chief noticed there were no signs

for Aubrey's outside the building or within the building directory, observed no customers, and found the supplies to be three bottles of liquor in a file cabinet and three twelve-packs of beer in a refrigerator. After this inspection, ABC filed a Complaint for Forfeiture or Revocation of Retail Alcohol Beverage License regarding Fuchs's license. Eventually, on October 9, 2009, the parties filed cross motions for summary judgment in the action before the ABC hearing officer. After oral argument, the Hearing Officer granted summary judgment to Fuchs on December 24, 2009. The Hearing Officer found that Aubrey's had met the requirement for "actual sales" pursuant to I.C. § 23-908(4) and IDAPA Rule 11.05.01.010.03, stating that Aubrey's had made actual sales of liquor by the drink sometime in operation for eight hours per day and no fewer than six days per week.[1] In his analysis, the Hearing Officer concluded that the plain, obvious, and rational meaning of the rule was that I.C. § 23-908(4) is satisfied if "the licensee makes actual sale of liquor by drink <u>during</u> at least eight hours per day and no fewer than six days per week." (Emphasis in original.). The Hearing Officer stated that the requirement would be met if a licensee made "actual sales of liquor by the drink sometime while it is in operation for eight hours a day/no fewer than six days a week." According to this interpretation, the Hearing Officer found that "while sales of liquor by the glass by [Fuchs] at Aubrey's are spotty at best, sales have nevertheless taken place."

The decision was appealed by ABC to the Director of the Idaho State Police, and on June 8, 2010, the Director issued a Final Order, in which Rule 11.05.01.010.03 was found to be ambiguous, stating that the Hearing Officer's statement left the "amount of actual sales unclear." The Director found that the rule could be reasonably read one of three possible ways:

A licensee must:

---

[1] Idaho Code section 23-908(4) states:

> Each new [retail alcohol beverage] license issued on or after July 1, 1980, shall be placed into actual use by the original licensee at the time of issuance and remain in use for at least six (6) consecutive months or be forfeited to the state and be eligible for issue to another person by the director after compliance with the provisions of section 23-907, Idaho Code. Such license shall not be transferable for a period of two (2) years from the date of original issuance, except as provided by subsection (5)(a), (b), (c), (d) or (e) of this section.

IDAPA Rule 11.05.01.010.03 states:

> For purposes of Section 23-908(4), Idaho Code, a "new license" is one that has become available as an additional license within a city's limits under the quota system after July 1, 1980. The requirement of Section 23-908(4), Idaho Code, that a new license be placed into actual use by the licensee and remain in use for at least six (6) consecutive months is satisfied if the licensee makes *actual sales* of liquor by the drink during at least eight (8) hours per day, no fewer than six (6) days per week.

(Emphasis added.).

a. sell at least one (1) glass of liquor every hour for at least eight (8) hours, six (6) days or more a week. (This would require at least forty-eight (48) sales a week and is how ABC is apparently interpreting the rule); or

b. sell at least one (1) glass of liquor sometime during every day that the establishment is open. The establishment must be open for at least eight (8) hours per day, six (6) days or more a week. (This would require at least six (6) sales a week); or

c. sell at least one (1) glass of liquor sometime during a period of time during which the establishment is open at least eight (8) hours a day, at least six (6) days a week (this would require only one (1) sale a week).

The Director concluded that the rule required a licensee to sell at least one glass of liquor sometime during every day that the new establishment is open. The Director also found that Aubrey's had failed to meet this requirement, but he did not order Fuchs's license revocation because of the confusion surrounding the proper interpretation of the rule. The Final Order also addressed the Hearing Officer's erroneous application of quasi-estoppel and Fuchs's unsuccessful arguments regarding improper rulemaking and the claim that the agency's interpretation of the rule was arbitrary. Finally, the Director denied attorney fees for both parties, declaring neither the prevailing party and stated that neither had acted without a reasonable basis in fact or law.

Fuchs filed a petition for judicial review on July 1, 2010, seeking review of the Director's denial of Fuchs's request for attorney fees pursuant to I.C. § 12-117. The district court found that Fuchs had failed to show that costs and attorney fees were a substantial right contemplated by statute. Since Fuchs had not been sanctioned by ABC, the district court found that no substantial right had been denied, which would not allow the court to overturn the agency's actions. Additionally, the district court found that the Director had properly exercised his discretion in finding that neither party had prevailed for the purposes of attorney fees. Fuchs filed a timely notice of appeal from the district court's decision.

## II. STANDARD OF REVIEW

This Court reviews a determination of whether to award attorney fees pursuant to I.C. § 12-117(1) under an abuse of discretion standard. *Halvorson v. N. Latah Cnty. Highway Dist.,* 151 Idaho 196, 208, 254 P.3d 497, 509 (2011).

## III. ANALYSIS

**A. Fuchs was not entitled to attorney fees pursuant to I.C. § 12-117 in the action brought against him by ABC.**

Idaho Code section 12-117(1), as it applies to this case,[2] states that:

> Unless otherwise provided by statute, in any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person, the state agency or political subdivision or the court, as the case may be, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

This section "enables the relevant adjudicative body to award fees only in administrative proceedings or in civil judicial proceedings." *Sopatyk v. Lemhi Cnty.*, 151 Idaho 809, 819, 264 P.3d 916, 926 (2011). "Administrative proceedings are, by definition, proceedings not before a court, while civil judicial proceedings are, by definition, proceedings in court commenced by a complaint." *Id.* (citing *Smith v. Washington Cnty. Idaho*, 150 Idaho 388, 391, 247 P.3d 615, 618 (2010)). Thus, under I.C. § 12-117 as it applies to this case, agencies are allowed to award attorney fees in administrative proceedings while courts are limited to awarding attorney fees in proceedings that originated with the filing of a civil complaint. *Jasso v. Camas Cnty.*, 151 Idaho 790, 799, 264 P.3d 897, 906 (2011). Under a two-part test, attorney fees pursuant to I.C. § 12-117 must be awarded if the party is a prevailing party and if the state agency did not act with a reasonable basis in fact or law. *Reardon v. City of Burley*, 140 Idaho 115, 118, 90 P.3d 340, 343 (2004).

> Where an agency acts without authority, it is acting without a reasonable basis in fact or law. However, if an agency's actions are based upon a 'reasonable, but erroneous interpretation of an ambiguous statute,' then attorney fees should not be awarded.

*Ralph Naylor Farms, LLC v. Latah Cnty.*, 144 Idaho 806, 809, 172 P.3d 1081, 1084 (2007) (internal citations omitted). The dual purpose of I.C. § 12-117 is to (1) deter groundless or arbitrary agency action; and (2) to provide "a remedy for persons who have borne an unfair and unjustified financial burden attempting to correct mistakes agencies should never have made." *Id.* (quoting *Rincover v. State of Idaho, Dep't. of Finance,* 132 Idaho 547, 549, 976 P.2d 473, 475 (1999)).

---

[2] Idaho Code section 12-117 has since been amended (as of March 27, 2012) by the Idaho Legislature, but does not apply retroactively to all filed and pending cases, as did its predecessor. *See Smith v. Washington Cnty. Idaho,* 150 Idaho 388, 391, 247 P.3d 615, 618 (2010).

On appeal, Fuchs presents three issues: (1) Whether Fuchs's substantial rights were violated by a failure to award attorney fees and costs; (2) Whether Fuchs was a prevailing party for purposes of an attorney fee determination; and, (3) Whether ABC's decision under I.C. § 12-117 was made without a reasonable basis in fact or law. Fuchs presents multiple arguments on appeal of how it was improper for ABC to deny him attorney fees pursuant to I.C. § 12-117. One such argument focuses on the inconsistency of ABC's interpretation of IDAPA Rule 11.05.01.010.03. Although Fuchs has presented several such arguments, he has failed to appeal ABC's finding that he violated Rule 11.05.01.010.03. Normally, in an action challenging an agency's decision, this Court will find that an agency's interpretation of a rule is reasonable unless that agency relied on facts or law that were erroneous when it made the determination. *Duncan v. State Bd. of Accountancy*, 149 Idaho 1, 4, 232 P.3d 322, 325 (2010). However, the Director's interpretation and application of the rule was never appealed, and, therefore, the Director's interpretation of the rule is the applicable law in this case.

In addition to finding that Fuchs failed to show that a substantial right was violated, the district court found that Fuchs failed to demonstrate that the Director abused his discretion in finding that there was no prevailing party. We affirm the decision of the district court on this alternative basis.

The Director concluded that Fuchs failed to satisfy the "actual sales" requirement of I.C. § 23-908(4) and IDAPA Rule 11.05.01.010.03. Despite this conclusion, the Director disregarded the statute's requirement that Fuchs's license be forfeited[3] because of past inconsistent interpretations of IDAPA Rule 11.05.01.010.03. As both parties requested attorney fees pursuant to I. C. § 12-117, the Director concluded that Fuchs was not entitled to fees as he was not a prevailing party. The Director reasoned that because Fuchs had violated the "actual sales" requirement, he had not prevailed.

On judicial review, Fuchs has not challenged the Director's finding that he violated the actual sales requirement, and ABC has not challenged the Director's failure to order that Fuchs's license be forfeited. Consequently, the result of the administrative proceeding is analogous to a defendant in a criminal case being found guilty but having no sentence imposed and the plaintiff

---

[3] Idaho Code section 23-908(4) states, *inter alia,* that:

> Each new . . . license . . . shall be placed into actual use by the original licensee at the time of issuance and remain in use for at least six (6) consecutive months *or be forfeited to the state* and be eligible for issue to another person by the director . . . .

(Emphasis added.).

5

in a civil action establishing a defendant's liability for damages, yet failing to prove those damages. As with so many appeals this is a dispute as to whether a party is entitled to an award of attorney fees.

When considering a trial court's determination of prevailing party status, we review the decision to determine whether the decision represents an abuse of that discretion. *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010). This Court can discern no basis for applying a differing standard to the determination of prevailing party status in an administrative proceeding.[4] Thus, we take guidance from our approach to the discretionary decisions of trial judges in analogous circumstances.

In *Trilogy Network Systems, Inc. v. Johnson*, 144 Idaho 844, 172 P.3d 1119 (2007), this Court considered a similar situation arising from civil litigation. In *Trilogy*, following a court trial, the district court found that the plaintiff had proved that the defendant breached a contract. The district court further found that the plaintiff had failed to prove its damages with reasonable certainty. *Id*. at 846, 172 P.3d at 1121. Under these circumstances, the district court found that there was no prevailing party, because the plaintiff had prevailed on the issue of liability and the defendant had prevailed on the issue of damages. *Id*. at 847, 172 P.3d at 1122. This Court found that the district court did not abuse its discretion in reaching this conclusion. *Id*. at 847-48, 172 P.3d at 1122-23. This Court recognized *Trilogy* in a recent appeal which focused on the question of whether there was a prevailing party. *Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 272 P.3d 512 (2012). Although this Court distinguished *Trilogy*, we did not repudiate our earlier holding. *Id*. at __, 272 P.3d at 517. Therefore, applying the reasoning we employed in *Trilogy*, we conclude that Fuchs has failed to demonstrate that the Director abused his discretion by finding that Fuchs was not the prevailing party.

## IV. CONCLUSION

Fuchs is not entitled to attorney fees pursuant to I.C. § 12-117. The decision of the district court on judicial review is affirmed but on alternative grounds. Costs to ABC.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**

---

[4] If our standard of review of the Director's determination of prevailing party status was free review, the decision would be very simple. In view of the unchallenged determination by the Director that Fuchs violated the "actual sales" requirement imposed by Idaho law, it cannot be said that ABC's initiation of these license revocation/forfeiture proceedings was without a basis in fact or law.