**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41254**

| | | |
|---|---|---|
| LAUREL EVANS, | ) | 2014 Unpublished Opinion No. 551 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: June 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WALTER BURNHAM, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. John T. Mitchell, District Judge.

Order denying motion to vacate judgment, <u>affirmed</u>.

Laurel Evans, Hope, pro se appellant.

Berg & McLaughlin, Chtd.; Stephen T. Snedden, Sandpoint, for respondent.
_____

GRATTON, Judge

Laurel Evans appeals from the district court's order denying her motion to vacate the judgment granted in favor of Walter Burnham. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Evans filed a small claims action against Walter Burnham alleging breach of contract on a promissory note. The magistrate entered a judgment in her favor in the amount of $5,066, which included costs. Burnham timely appealed. Both parties obtained legal representation. Evans filed a motion to amend her complaint to allow damages in excess of $10,000. She also contemporaneously filed a motion to transfer the claim to the district court. Burnham did not object to either motion. The magistrate granted leave to amend the complaint and ordered the transfer to the district court.

Subsequently, a new trial was conducted before the district court. The district court entered judgment in favor of Burnham and granted $11,885.50 in attorney fees pursuant to Idaho Code § 12-120(3). The parties then stipulated to a payment of $10,000 as full satisfaction of the

1

judgment. Evans paid the amount and Burnham filed a notice of satisfaction of judgment. Evans later filed a pro se motion to vacate the judgment pursuant to Idaho Rule of Civil Procedure 60(b)(4). She alleged the district court lacked jurisdiction to hear the small claims appeal. The district court denied the motion. Evans timely appeals.

## II.

## ANALYSIS

### A.     The District Court had Subject Matter Jurisdiction

Evans contends that the district court lacked subject matter jurisdiction to hear the appeal from small claims. Evans misunderstands the nature of the proceedings following the initial decision in small claims. As noted, after Evans obtained a favorable judgment in small claims, Burnham appealed to the magistrate court. An appeal from small claims is conducted in the magistrate court. I.C. §§ 1-2311 and 2312. Importantly, an appeal to the magistrate court from small claims is decided in a trial de novo. I.R.C.P. 81(n) and 83(b). Thus, the proceeding in the magistrate court is not an appeal, as to this Court, in which the result is an affirmance, reversal, remand, or modification of the judgment. Instead, a new trial is conducted. We are aware of nothing which would preclude the parties from amending their pleadings in the magistrate court to assert new or additional claims or defenses or to seek additional or different relief upon the trial de novo. In fact, Rule 81(o)(4) specifically allows for the filing of amended pleadings. Moreover, Evans has pointed to nothing which would preclude the amended pleading from asserting a claim in excess of the magistrate's jurisdiction. That is exactly what Evans did here.

Prior to the trial de novo in the magistrate court, Evans was granted leave to amend her claim to assert damages in excess of the $10,000 jurisdictional limit of the magistrate court. *See* I.R.C.P. 82(c)(2)(A). Recognizing that the amount exceeded the magistrate's jurisdiction, Evans also moved to transfer the case to the district court, which was granted. Idaho Rule of Civil Procedure 8(a)(2) provides for transfer from the magistrate court to the district court when an amendment of the pleadings takes the case outside the jurisdiction of the magistrate court. In such event, I.R.C.P. 8(a)(2) also provides that the case shall then be considered and tried in the district court "as if the same had been there originally filed." Thus, the district court was not

2

acting in an appellate capacity when it rendered its decision on the matter.[1] Upon amendment of the pleadings to assert a claim in excess of the magistrate's jurisdiction and subsequent transfer to the district court, the district court had subject matter jurisdiction to render judgment. Therefore, Evans' I.R.C.P. 60(b)(4) motion was without merit. Consequently, we need not address the other claims raised by Evans.

**B.      Attorney Fees**

Burnham seeks attorney fees under I.C. § 12-120(3), which states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

"The mandatory attorney fee provisions of I.C. § 12-120 govern on appeal as well as in the trial court." *Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 546, 272 P.3d 512, 518 (2012) (quoting *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 721, 117 P.3d 130, 135 (2005)). Burnham argues he is entitled to attorney fees because of the commercial nature of the transaction.

Evans does not dispute that this case arose out of a commercial transaction. Instead, she argues that Burnham failed to specifically cite which portion of I.C. § 12-120 he relies on. However, Burnham specifically cited I.C. § 12-120(3) and indicated he is entitled to attorney fees because this was a commercial transaction. Evans also contends that the Idaho Supreme Court has declined to award attorney fees when a party raised a legitimate issue of law. She relies on *Roe Family Servs. v. Doe*, 139 Idaho 930, 88 P.3d 749 (2004). However, in that case the Court examined attorney fees under I.C. § 12-121, which is a statute authorizing a discretionary award of attorney fees. *Roe Family Servs.*, 139 Idaho at 938-39, 88 P.3d at 757-58. Because Burnham is the prevailing party, we award him attorney fees.

---

[1]      Moreover, even in the context of an appeal to the district court, the district court may conduct a trial de novo when the record from the magistrate court is insufficient for appellate review. *See* I.C. § 1-2213(2); I.R.C.P. 83(j)(2)(C). In this case, there was no judgment of the magistrate court to review on appeal.

## III.
## CONCLUSION

Evans has failed to show that the district court erred in denying her I.R.C.P. 60(b)(4) motion. Therefore, the district court's denial of her motion to vacate is affirmed. Costs and attorney fees on appeal are awarded to Burnham.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**