191 P.3d 196

Dave TODD, Plaintiff–Respondent,

v.

SULLIVAN CONSTRUCTION LLC,
Defendant–Appellant.

Sullivan Construction LLC, f/k/a Sullivan
Todd Construction, LLC, Counter
claimant-Appellant,

v.

Dave Todd, Counterdefendant-
Respondent.

Sullivan Construction LLC,
Plaintiff–Appellant,

v.

Jason Petersen, Defendant–Respondent.

No. 33954.

Supreme Court of Idaho,
Boise, June 2008 Term.

July 17, 2008.

Rehearing Denied Aug. 13, 2008.

Elam & Burke, P.A., Boise, for appellant. Joshua S. Evett argued.

Lee P. Ritzau, Ketchum, for respondent.

EISMANN, Chief Justice.

In this case a member and an employee of a limited liability company conspired to divert construction jobs from the company for their own benefit, performing those jobs with company employees and equipment and retaining the profits. Although the jury found that the member and employee had committed the tort of tortious interference with prospective economic advantage, the company obtained only $100 in damages. We vacate the damage award because the district court had wrongfully prevented the company from offering any evidence of its lost profits. We also vacate the court's grant of a directed verdict on other claims and remand this case for a new trial on those claims and on damages.

## I. FACTS AND PROCEDURAL HISTORY

In January 2004, David Todd and Brett Sullivan formed Sullivan Todd Construction, LLC. Sullivan was responsible for the masonry division of the company, and Todd was responsible for the concrete division. In mid-April 2004, the company hired Jason Petersen as part of the concrete division's management team. Petersen's duties included soliciting new customers, including Petra, Inc., in Boise.

In December 2004, Todd and Petersen told a customer of Sullivan Todd Construction that they were going to form their own company. Sullivan did not learn of this conversation until later. In March 2005, Todd demanded that Sullivan purchase his interest in the company pursuant to the terms of their buy-sell agreement.

In April 2005, Sullivan noticed that Petersen and some employees were missing from a jobsite in Ketchum, and he began an investigation to find out where they were. In mid-April, he drove to Boise and discovered that Petersen and four other employees of Sullivan Todd Construction were using company equipment to do concrete work at a job site for Petra, Inc. From April 5 to 22, Petersen performed several jobs for Petra, Inc., using employees and equipment of Sullivan Todd Construction. On April 13, Sullivan demanded that Todd purchase his interest in the company.

On April 22, Petersen resigned from the company, and on April 29, Todd and Sullivan executed an agreement under which Sullivan purchased Todd's interest in the company. Sullivan changed the name of the company to Sullivan Construction LLC. On May 4, 2005, Todd and Petersen formed their own concrete construction company. Petersen billed Petra, Inc., for the concrete work done during the period from April 5 to 22, and the payments for that work were deposited into the account of the company formed by Todd and Petersen.

On July 14, 2005, Todd filed this action against Sullivan Construction seeking to recover unpaid wages, treble damages, and interest. Sullivan Construction answered denying Todd's claim and asserting counterclaims against him. On May 9, 2006, it also filed an action against Petersen, which was consolidated with this case for the purposes of discovery and trial.

On November 7, 2006, Sullivan Construction sought to amend its pleadings to assert a claim for punitive damages against both Todd and Petersen. After oral argument on that motion, the district court denied it on the grounds that the damages sought by Sullivan Construction included damages recoverable as punitive damages and the type of claims asserted were not within the category for which punitive damages could be awarded.

On November 27, 2006, Todd and Petersen filed a motion in limine to prevent Sullivan Construction from offering any evidence of lost profits on the ground that it had not identified anyone who would present expert testimony on that issue. After oral argument on that motion, the district court agreed and precluded Sullivan Construction from offering any evidence of lost profits.

Sullivan Construction asserted three claims at the trial: fraud in the inducement against Todd with respect to the sale of his membership interest, willful misconduct by Todd as a member of Sullivan Construction, and tortious interference with a prospective economic advantage against both Todd and Petersen. The willful misconduct claim alleged that Todd had breached his fiduciary duty by soliciting business away from Sullivan Construction and by usurping business opportunities of the company to his own benefit. After Sullivan Construction had presented its evidence, Todd and Petersen moved for a directed verdict dismissing all three counterclaims. The district court dismissed the counterclaims against Todd for fraud and for willful misconduct. It held that there was sufficient evidence to present the tortious interference claim to the jury.

After both sides had completed their presentations of evidence, Sullivan Construction moved under Rule 15(b) of the Idaho Rules of Civil Procedure to amend the pleadings to conform to the evidence to allow damages against Petersen for either disgorgement or restitution of the money he had received

from Petra, Inc., for the jobs done during the period from April 5 through 22, 2005. By doing so, it sought to recover about $15,500 that the evidence showed was paid by Petra to Petersen. The district court denied the motion based upon the assertion of Petersen's counsel that he would have tried the case differently had he known that Sullivan Construction would be entitled to seek the gross profit on the Petra jobs rather than the net profit.

The jury returned a special verdict finding that Todd was not entitled to recover on his claims against Sullivan Construction. It also found that Sullivan Construction had proved its claim of tortious interference with a prospective business opportunity against both Todd and Petersen. It awarded no damages against Todd and $100 in damages against Petersen. Because the jury found that Todd and Petersen had acted in concert in committing that tort, judgment in the sum of $100 was entered against them jointly and severally.

Sullivan Construction sought an award of court costs, including a reasonable attorney fee. The district court found that there was no prevailing party and denied that request. Sullivan Construction then timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court abuse its discretion in granting the motion in limine prohibiting Sullivan Construction from presenting any evidence of its lost profits?

2. Did the district court abuse its discretion in denying Sullivan Construction's motion to amend its pleadings to add claims for punitive damages?

3. Did the district court err in dismissing Sullivan Construction's counterclaim labeled "Willful Misconduct"?

4. Did the district court abuse its discretion in denying Sullivan Construction's motion to amend the pleadings under Rule 15(b) to add a claim against Petersen for either disgorgement or restitution of the money he had received from Petra, Inc.?

5. Did the district court abuse its discretion in finding that Sullivan Construction was not the prevailing party?

6. Are Todd and Petersen entitled to an award of attorney fees on appeal pursuant to Idaho Code § 12–121?

## III. ANALYSIS

A trial court's rulings on a motion in limine, a motion to amend the pleadings to add a claim for punitive damages, and a motion to amend the pleadings pursuant to Rule 15(b) are reviewed for an abuse of discretion. *Puckett v. Verska,* 144 Idaho 161, 167, 158 P.3d 937, 943 (2007) (motion in limine); *Gunter v. Murphy's Lounge, LLC,* 141 Idaho 16, 29, 105 P.3d 676, 689 (2005) (punitive damages); *Hughes v. Fisher,* 142 Idaho 474, 484, 129 P.3d 1223, 1233 (2006) (Rule 15(b)). A court abuses its discretion if it fails to act consistently with legal standards. *State v. Field,* 144 Idaho 559, 568, 165 P.3d 273, 282 (2007).

**A. Did the District Court Abuse Its Discretion in Granting the Motion in Limine Prohibiting Sullivan Construction from Presenting Any Evidence of Its Lost Profits?**

On November 27, 2006, Todd and Petersen filed a motion in limine to exclude Sullivan Construction from presenting any evidence of lost profits on the ground that it could not prove that portion of its claim. To prevail on their motion, Todd and Petersen had the burden of showing that Sullivan Construction could not prove any amount of its claimed lost profits. They contended that Sullivan Construction could not do so because it "has not disclosed any expert witness who could provide an opinion on the amount of lost profits Sullivan Construction, LLC suffered, if any, as a result of others performing work for Petra, Inc."

Sullivan Construction claimed damages in the total sum of $145,000 for the tortious interference with its prospective economic advantage with Petra, Inc. Although the calculation of all of those damages is not disclosed in the record on appeal, the claimed damages included the profits lost on the jobs done by Todd and Petersen for Petra, Inc., during the period from April 5 to 22, 2005. The district court held that because Sullivan

Construction had not disclosed in discovery that it would call any witness who would offer an opinion regarding its lost profits, it could not prove its lost profits. The court, in essence, ruled that under no circumstances can lost profits be proved without opinion testimony. In so ruling, the court erred.

■ "Compensatory damages for lost profits and future earnings must be shown with a reasonable certainty. Damage awards based upon speculation and conjecture will not be allowed." *Inland Group Cos., Inc. v. Providence Washington Ins. Co.*, 133 Idaho 249, 257, 985 P.2d 674, 682 (1999) (citations omitted). A portion of Sullivan Construction's claimed damages included the profits it would have made on the jobs performed for Petra, Inc., during the period from April 5 to 22, 2005. During argument on the motion, Sullivan Construction's counsel stated that he would attempt to prove damages by using documents obtained during discovery, including documents from Petra, Inc., and the testimony of Todd and of Petersen. There is nothing in the record indicating that opinion testimony would be necessary to prove the profits lost by Sullivan Construction due to Todd and Petersen's conduct in diverting those jobs to themselves. Although Todd and Petersen argued that Sullivan Construction had not identified any expert who could testify as to lost profits, they did not show that Sullivan Construction could not prove the portion of its claimed lost profits relating to the Petra, Inc., jobs without opinion testimony. Sullivan Construction contended the determination of those lost profits would be a simple arithmetic calculation based upon the amount received from Petra, Inc., and the cost of labor and materials to perform the jobs.

■ In the instant case, Todd and Petersen wrongfully diverted jobs from Sullivan Construction and used Sullivan Construction employees and equipment to perform those jobs. They then diverted the income received from those jobs to themselves. The district court did not rule that Sullivan Construction had failed to offer sufficient evidence to prove its lost profits, at least with respect to these jobs. Rather, it ruled that Sullivan Construction could not prove any lost profits without opinion testimony. Thus, we do not know what evidence Sullivan Construction would have offered had it been given the opportunity to do so. Although Sullivan Construction may have needed opinion testimony to establish the amount of any future earnings it claimed to have lost, there is nothing indicating that it would have needed opinion testimony to prove its lost profits with respect to the jobs performed for Petra, Inc., from April 5 to 22, 2005. "Compensatory damages for lost profits and future earnings must be shown with a reasonable certainty." *Inland Group Cos.*, 133 Idaho at 257, 985 P.2d at 682. "Reasonable certainty requires neither absolute assurance nor mathematical exactitude; rather, the evidence need only be sufficient to remove the existence of damages from the realm of speculation." *Griffith v. Clear Lakes Trout Co., Inc.*, 143 Idaho 733, 740, 152 P.3d 604, 611 (2007). Neither the trial court nor Todd and Petersen have pointed to any authority supporting the proposition that lost profits can never be proved without opinion testimony.

Relying upon *Trilogy Network Systems, Inc. v. Johnson*, 144 Idaho 844, 172 P.3d 1119 (2007), Todd and Petersen argued on appeal that proof of their profits on the Petra, Inc., jobs would not prove the amount that Sullivan Construction was entitled to recover in damages. They rely upon the statement in that opinion that "[t]he measure of damages for the breach of an anti-competition clause is the amount that the plaintiff lost by reason of the breach, not the amount of profits made by the defendant." 144 Idaho at 846, 172 P.3d at 1121.

The holding in *Trilogy* has no application to the present case. One of Trilogy's former employees violated a noncompetition agreement by successfully outbidding Trilogy to obtain a contract with one of Trilogy's customers. In Trilogy's subsequent lawsuit against its former employee, the trial court held that Trilogy had failed to provide sufficient evidence to prove its damages for breach of the noncompetition agreement. Trilogy simply offered conclusory statements that its profit would have been "very similar" to the profit earned by the former employee, without showing the amount of its bid and

without providing any comparison between its costs to perform the contract and the costs actually incurred by its former employee. In this case, we do not know the evidence that Sullivan Construction would have presented because of the district court's granting of the motion in limine.

The district court's ruling that lost profits can never, under any circumstances, be proved without opinion testimony is not consistent with legal standards. The district court therefore abused its discretion in granting the motion in limine. We vacate the damages portion of the judgment and remand for a new trial on damages as to both Todd and Petersen.

## B. Did the District Court Abuse Its Discretion in Denying Sullivan Construction's Motion to Amend Its Pleadings to Add Claims for Punitive Damages?

On November 7, 2006, Sullivan Construction sought to amend its pleadings to assert claims for punitive damages against both Todd and Petersen. To recover punitive damages, "the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted." I.C. § 6–1604(1). When a party moves to amend a pleading to include a claim for punitive damages, "[t]he court shall allow the motion to amend the pleadings if, after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." I.C. § 6–1604(2).

■■■ In the instant case, the district court did not conduct the weighing process required by the statute. Rather, it based its ruling on two factors. First, it stated that the "punitive damages claim is really somewhat covered by the civil claim that's pending." The court did not set forth its reasoning for arriving at that conclusion. "[A]n award of punitive damages serves the dual function of deterrence and expressing society's outrage. In contrast, compensatory damages are defined as damages that 'will compensate the injured party for the injury

sustained, and nothing more; such as will simply make good or replace the loss caused by the wrong or injury.'" *Curtis v. Firth,* 123 Idaho 598, 609, 850 P.2d 749, 760 (1993) (quoting *Black's Law Dictionary* 352 (5th ed.1983)). "The purposes which may make a punitive damage award appropriate are not satisfied by an award of purely compensatory damages." *Id.* The district court's statement that Sullivan Construction's request for punitive damages was already covered by its claim for compensatory damages is contrary to the law.

■■■ Second, the district court stated, "I don't think it's a claim that gives rise to punitive damages or that the case falls within the category of a punitive damages claim even before I get to the point of whether one party has a reasonable likelihood, or whatever that term is that is set forth in the statute, of prevailing on a punitive damages claim." Again, the court did not explain its reasoning. The determination of whether a party should be permitted to assert a claim for punitive damages is not based upon the type of case or claim. As we said in *Myers v. Workmen's Automobile Insurance Co.,* 140 Idaho 495, 503, 95 P.3d 977, 985 (2004) (quoting from *Linscott v. Rainier National Life Insurance Co.,* 100 Idaho 854, 858, 606 P.2d 958, 962 (1980)), "It is not the nature of the case, whether tort or contract, that controls the issue of punitive damages. The issue revolves around whether the plaintiff is able to establish the requisite 'intersection of two factors: a bad act and a bad state of mind.'" Whatever the district court meant by its reference to the "category" of case for which punitive damages could be awarded, it erred.

The district court did not conduct the analysis required by Idaho Code § 6–1604(2). By failing to do so, it abused its discretion. We therefore vacate its decision denying Sullivan Construction's motion to amend it pleadings to add claims for punitive damages. When the court considers the motion on remand, it must take into account the jury's findings that Todd and Petersen each committed the tort of tortious interference with Sullivan Construction's prospective business advantage and that they acted in concert when doing so.

## C. Did the District Court Err in Dismissing Sullivan Construction's Counterclaim Labeled "Willful Misconduct"?

■ One of the claims that Sullivan Construction asserted in its counterclaim against Todd was labeled "Willful Misconduct." In that claim, Sullivan Construction alleged:

21. On information and belief, Dave Todd actively solicited business away from Sullivan Construction or otherwise usurped opportunities of Sullivan Construction for his own personal benefit while he was still a member of Sullivan Construction.

22. Dave Todd's actions, as described above, constitute willful misconduct pursuant to I.C. § 53–622(1) because, among other things, they were a breach of his fiduciary duty to Sullivan Construction.

At the conclusion of Sullivan Construction's case in chief, Todd and Petersen moved for a directed verdict as to all of Sullivan Construction's claims. The district court granted the motion with respect to the willful misconduct claim and the fraud claim. Sullivan Construction challenges only the directed verdict with respect to its willful misconduct claim.

■ "In determining whether a motion for a directed verdict ... should have been granted, this Court applies the same standard as the court that originally passed on the motion." *Vendelin v. Costco Wholesale Corp.*, 140 Idaho 416, 430, 95 P.3d 34, 48 (2004). We exercise free review and do not defer to the findings of the trial court. *Id.* When doing so, we determine whether there was sufficient evidence to justify submitting the claim to the jury, viewing as true all adverse evidence and drawing every legitimate inference in favor of the party opposing the motion for a directed verdict. *Id.* "A directed verdict is proper only where the evidence is so clear that all reasonable minds would reach only one conclusion—that the moving party should prevail." *Gillingham*

*Constr., Inc. v. Newby–Wiggins Constr., Inc.*, 136 Idaho 887, 892, 42 P.3d 680, 685 (2002).

■ Idaho Code § 53–622(1) provides:

A member or manager shall not be liable, responsible or accountable in damages or otherwise to the limited liability company or to the members of the limited liability company for any action taken or failure to act on behalf of the limited liability company unless the act or omission constitutes gross negligence or willful misconduct.

The statute does not create a cause of action. It sets forth the burden of proof required for a limited liability company or its member(s) to hold another member or a manager liable for his or her acts or omissions on behalf of the company. Both parties have assumed that the statute applies to Sullivan Construction's willful misconduct counterclaim, and we therefore assume, but do not decide, that it does.[1] The district court gave three reasons for holding that Sullivan Construction had failed to show that Todd's conduct amounted to willful misconduct.

First, the district court held that "there's no proof of active willful misconduct." Idaho Code § 53–622(1) does not require proof of *active* willful misconduct. It only requires proof of willful misconduct. In its willful misconduct counterclaim, Sullivan Construction alleged that Todd had breached his fiduciary duty by soliciting business away from Sullivan Construction and by usurping business opportunities of the company to his own benefit. The issue is whether there was sufficient evidence showing that his conduct in doing so amounted to willful misconduct. In this case, that can be answered by comparing the district court's ruling regarding this claim with its ruling regarding the claim for intentional interference with a prospective business advantage. Todd's conduct as it relates to both claims is the same, at least with respect to the jobs performed for Petra,

---

1. The statute requires proof of gross negligence or willful misconduct for a limited liability company or its member(s) to hold another member or a manager liable "for any action taken or failure to act *on behalf of* the limited liability company." (Emphasis added.) It could certainly be argued that the conduct intended to harm a limited liability company by diverting business and profits from it is not conduct taken *on behalf of* that company.

Inc., during the period from April 5 to 22, 2005.[2]

After granting a directed verdict on the willful misconduct claim, the district court denied the motion for a directed verdict against Todd on the tort of intentional interference with prospective economic advantage. It held that there was sufficient evidence to submit the intentional interference claim to the jury. We need not recount that evidence because Todd has not challenged the jury's finding that he did commit that tort.

In *Highland Enterprises, Inc. v. Barker*, 133 Idaho 330, 338, 986 P.2d 996, 1004 (1999), we listed the elements of that claim.

> Those elements are as follows: (1) The existence of a valid economic expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing termination of the expectancy; (4) the interference was wrongful by some measure beyond the fact of the interference itself (i.e. that the defendant interfered for an improper purpose or improper means) and (5) resulting damage to the plaintiff whose expectancy has been disrupted.

Considering the elements of the intentional interference claim, it was inconsistent for the district court to hold that there was sufficient evidence to prove that claim, but not sufficient evidence to show that Todd's actions constituted "willful misconduct." Both claims were based upon the same conduct. Intentionally interfering with Sullivan Construction's prospective business advantage is willful misconduct.

■ Second, the district court held that there was no proof "that Todd himself usurped any business opportunities of Sullivan Todd Construction." As mentioned

above, after the district court granted a directed verdict on the willful misconduct claim, it denied a directed verdict on the intentional interference claim. In doing so, the court held that there was sufficient evidence to show that Todd and Petersen were acting in concert to commit that tort. We need not recount the evidence showing they had acted in concert because the jury found that they had and its finding is not challenged on appeal. Again, the court's rulings were inconsistent. If there was sufficient evidence to show that Todd and Petersen were acting in concert to interfere with Sullivan Construction's prospective business advantage with respect to the jobs performed for Petra, Inc., then there was sufficient evidence to show that Todd usurped those business opportunities of Sullivan Construction. As we stated in *Helgeson v. Powell*, 54 Idaho 667, 682, 34 P.2d 957, 963 (1934):

> The law seems to be well settled that, where several people actively participate in any manner in the commission of a tort, not only the actual actor or assailant is liable but all others who aid, abet, counsel or encourage the wrongdoer by words, gestures, looks or signs are equally liable with him to the injured person.

Finally, the district court held that "there's no proof of damages." The damages that Sullivan Construction could recover would have included at least its lost profits from the Petra, Inc., jobs. As explained above, the district court wrongfully precluded Sullivan Construction from presenting evidence of those damages.

The district court erred in granting a directed verdict with respect to Sullivan Construction's willful misconduct claim. We therefore vacate the directed verdict dismiss-

---

2. In its "Willful Misconduct" claim, Sullivan Construction alleged:

> 21. On information and belief, Dave Todd actively solicited business away from Sullivan Construction or otherwise usurped opportunities of Sullivan Construction for his own personal benefit while he was still a member of Sullivan Construction.

In its tortious interference cause of action, Sullivan Construction alleged:

> 35. On information and belief, Petersen and Dave Todd secured work with Petra while

they were still affiliated with Sullivan Construction. Both Petersen and Dave Todd kept this work secret from Brett Sullivan.

> . . . .

> 37. By the time Brett Sullivan/Sullivan Construction learned of Dave Todd's and Petersen's actions, Dave Todd and Petersen had already secured all of the work that Sullivan Construction was seeking to obtain from Petra, thereby terminating Sullivan Construction's prospective economic advantage.

ing that claim and remand this case for a new trial on it.

### D. Did the District Court Abuse Its Discretion in Denying Sullivan Construction's Motion to Amend the Pleadings Under Rule 15(b) to Add a Claim Against Petersen for Either Disgorgement or Restitution of the Money He Received from Petra, Inc.?

During the trial, Sullivan Construction elicited testimony that Petra, Inc., had paid Petersen a total of about $15,500 for the jobs performed during the period from April 5 to 22, 2005. After both parties had rested, Sullivan Construction moved to amend its pleadings pursuant to Rule 15(b) of the Idaho Rules of Civil Procedure "to allow a measure of damages against Mr. Petersen to include either disgorgement or restitution of the money, that there's been testimony regarding the $15,500 that is in a Concorp[3] account." Rule 15(b) provides, "When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The Rule also provides that a motion to amend the pleadings can be made at any time, even after judgment.

Petersen's counsel objected to the motion on the ground that the whole reason for his motion in limine was to exclude evidence of lost profits. Since that evidence was excluded, and since he objected during the trial to evidence of sums received from Petra, Inc., the issue of disgorgement or restitution was not tried with his express or implied consent. He also stated, "The 15,500 is a gross number. If I had known that they were going to be allowed to submit a gross number for damages to the jury, I obviously would have tried to defend it on the merits somehow and reduce that figure."

The district court held this issue was not tried with the express consent of the parties because Petersen had objected to any evidence of lost profits even before the trial with his motion in limine. The court also held that Petersen would be prejudiced because the motion was made after the presentation of the evidence and Petersen had no opportunity to present evidence seeking to show the difference between gross income and profits. It therefore denied the motion.

Restitution and disgorgement are remedies. The prejudice to Petersen identified by the district court as a reason for denying the motion was the result of the district court wrongfully excluding Sullivan Construction's evidence of lost profits. Because damages must still be litigated, the district court can decide on remand whether either restitution or disgorgement would be an appropriate remedy in addition to the damages awarded for the intentional interference with a prospective economic advantage.

### E. Did the District Court Abuse Its Discretion in Finding that Sullivan Construction Was Not the Prevailing Party?

Sullivan Construction sought an award of court costs, including a reasonable attorney fee. The district court held that it was not the prevailing party, at least in part because it had recovered only $100 on its claims. Because we are vacating the damages portion of the judgment and remanding this case for a new trial on damages, we also vacate the order denying Sullivan Construction an award of court costs and attorney fees. *Bedke v. Pickett Ranch and Sheep Co.*, 143 Idaho 36, 41, 137 P.3d 423, 428 (2006); *Howard v. Perry*, 141 Idaho 139, 143, 106 P.3d 465, 469 (2005). The issue of prevailing party will have to be decided anew after the final resolution of Sullivan Construction's remaining claims.

### F. Are Todd and Petersen Entitled to an Award of Attorney Fees on Appeal Pursuant to Idaho Code § 12–121?

Todd and Petersen seek an award of attorney fees on appeal pursuant to Idaho Code § 12–121. Because they have not prevailed on appeal, they cannot be awarded attorney fees under that statute. *Point of Rocks Ranch, L.L.C. v. Sun Valley Title Ins. Co.*, 143 Idaho 411, 415, 146 P.3d 677, 681 (2006).

---

**3.** Concorp Concrete Construction, LLC, is the entity formed by Todd and Petersen.

## IV. CONCLUSION

We vacate the damages portion of the judgment, we vacate the order denying Sullivan Construction's motion to amend its pleadings to add claims for punitive damages, we vacate the directed verdict dismissing Sullivan Construction's willful misconduct claim, and we vacate the order denying Sullivan Construction court costs and attorney fees. We remand this case for further proceedings consistent with this opinion. We award costs on appeal to Sullivan Construction.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.

