# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44372

WESTERN COMMUNITY INSURANCE
COMPANY, Subrogee of DNJ, INC.,
Subrogor, and DNJ, INC., an Idaho
Corporation,

      Plaintiffs-Appellants,

v.

BURKS TRACTOR COMPANY, INC., an
Idaho Corporation, and KRONE NA, INC., a
Delaware Corporation,

      Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, November 2017 Term

Filed: September 6, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

The judgment of the district court is affirmed.

Saetrum Law Offices, Boise, for appellants. Rodney Saetrum argued.

Brady Law Chartered, Boise, for respondent Burks Tractor Company, Inc. Michael G. Brady argued.

Coleman, Ritchie & Cluff, Twin Falls, for respondent Krone NA, Inc. Philip R. Dupont argued.

---

HORTON, Justice.

Western Community Insurance Company (Western Community) appeals the district court's decisions to dismiss Western Community's Idaho Consumer Protection Act (ICPA) claims as a subrogee of DNJ, Inc. (DNJ) and to deny Western Community's motion for a new trial against respondents Krone North America, Inc. (Krone) and Burks Tractor Company, Inc. (Burks). Western Community, as insurer of DNJ, compensated DNJ for the loss of a Krone X 1100 Forage Chopper (chopper) due to fire. After issuing a payment to DNJ, Western

Community sought recovery from Krone and Burks on alternative theories of breach of express warranty, breach of the covenant of good faith, and violations of the ICPA. Western Community contends that the district court erred when it held that a subrogee cannot bring ICPA claims in the absence of an express contractual provision providing for subrogation of such claims. Western Community also argues that the district court erred in denying its motion for a new trial based upon Burks' assertion of new legal and factual defenses shortly before trial and by failing to instruct the jury on its theory of liability based on agency. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

DNJ purchased the chopper from Burks. The chopper was manufactured by Krone and was the subject of two warranties, the New Equipment Limited Warranty and the Krone North America Crown Guarantee. On October 15, 2012, the chopper was completely destroyed by fire. Western Community, DNJ's insurer, paid DNJ $440,779 for the loss of the chopper. Western Community then brought this subrogation action in which it advanced theories of breach of express warranties found in two separate warranties provided by Krone, breach of the covenant of good faith, and violations of the ICPA.

In response to motions to dismiss from Krone and Burks, the district court dismissed Western Community's ICPA claims against each, holding that "a subrogee may not sue under the ICPA absent an express agreement . . . ." Although all parties' pleadings identified Burks as the owner of the chopper when it was sold to DNJ, shortly before trial Krone informed the district court and Western Community that the chopper actually had been owned by Krone. Western Community filed a Third Amended Complaint that reflected this new information. In response, Burks filed an answer that included several new affirmative defenses. Western Community filed a motion to strike the new defenses. The district court denied the motion to strike, finding that the amendments did not prejudice Western Community.

The case proceeded to jury trial. Following Western Community's case-in-chief, the district court entered a directed verdict for Burks due to lack of privity. At the close of trial, the district court denied Western Community's request for a jury instruction on agency because this theory was not within the scope of the pleadings. The jury then found for Krone on all counts, answering four special interrogatories. The jury found: (1) Krone did not breach the express

terms of the New Equipment Limited Warranty; (2) Krone did not breach the express terms of the Krone North America Crown Guarantee; (3) Krone did not violate a duty of good faith with respect to the New Equipment Limited Warranty; and (4) Krone did not violate a duty of good faith with respect to the Krone North America Crown Guarantee. Thereafter, Western Community filed motions for reconsideration and a new trial. The district court denied both motions in a memorandum decision filed June 24, 2016. Western Community timely appealed.

## II. STANDARD OF REVIEW

This Court exercises free review over issues or questions of law and matters of statutory interpretation. *Guzman v. Piercy*, 155 Idaho 928, 934, 318 P.3d 918, 924 (2014). The same standard of review applies when this Court interprets the language of an unambiguous contract. *Potlatch Educ. Ass'n v. Potlatch School Dist. No. 285*, 148 Idaho 630, 633, 226 P.3d 1277, 1280 (2010).

> We review the discretionary decisions of a trial court for abuse of discretion.
>
> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, ___ Idaho ___. ___. 421 P.3d 187, 194 (2018). "A party alleging error on appeal must also show that the alleged errors were prejudicial. Alleged errors not affecting substantial rights will be disregarded." *Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 179, 395 P.3d 393, 398 (2017).

## III.    ANALYSIS

Western Community argues that the district court erred when it dismissed its ICPA claim and by denying its motion for new trial. All parties seek an award of attorney fees on appeal. We address these issues in turn.

### A. **The district court erred by dismissing Western Community's ICPA claim but this error was harmless.**

The district court concluded that Western Community, as subrogee, could not bring DNJ's statutory ICPA claims as a matter of law. In reaching this conclusion, the district court

relied on *Trinity Universal Insurance Company of Kansas v. Ohio Casualty Insurance Company*, 312 P.3d 976 (Wash. Ct. App. 2013). The district court held that "a subrogee may not sue under the ICPA absent an express agreement, transferring the insured's statutory rights under the ICPA to the subrogee." As the district court's holding was based on a question of law, we exercise free review over this decision. We hold that the district court's reliance on *Trinity* was misplaced and its corresponding conclusion was error.

We have described subrogation as follows: "where one advances money to pay the debt of another to protect his own rights . . . a court of equity substitutes him in place of the creditor as a matter of course, without any express agreement to that effect." *May Trucking Co. v. Int'l Harvester Co.*, 97 Idaho 319, 321, 543 P.2d 1159, 1161 (1975) (quoting *Williams v. Johnston*, 92 Idaho 292, 298, 442 P.2d 178, 184 (1968)). In this way, "[s]ubrogation is the substitution of one person in the place of another with reference to a legal right." *Presnell v. Kelly*, 113 Idaho 1, 3, 740 P.2d 43, 45 (1987) (citing *City of New York Ins. Co. v. Tice*, 152 P.2d 836, 839 (Kan. 1944)). In *International Equipment Service, Inc. v. Pocatello Industrial Park Company*, 107 Idaho 1116, 1119, 695 P.2d 1255, 1258 (1985), we explained that "the doctrine of subrogation encompasses a complete substitution of rights: 'Subrogation, in its broadest sense, is the **substitution of one person for another, so that he may succeed to the rights** of the creditor in relation to the debt or claim and its rights, **remedies and securities.**' " (emphasis added) (quoting *Houghtelin v. Diehl*, 47 Idaho 636, 639, 277 P. 699, 700 (1929)). In short, subrogation allows the subrogee "to step into the shoes of the loser and recover from the wrongdoer." *Id.* (quoting *Transit Cas. Co. v. Spink Corp.*, 156 Cal. Rptr. 360, 365 (Cal. Ct. App. 1979)).

The procedural history in *Trinity* is markedly different than the instant case. There, Trinity Universal Insurance Company of Kansas (Trinity) defended and settled a personal injury claim made against an insured of Ohio Casualty Insurance Company (Ohio). Trinity sued Ohio for subrogation, equitable contribution, and bad faith under two statutes, including Washington's version of the Consumer Protection Act. Ohio failed to appear and Trinity obtained a default judgment for defense and indemnification costs and treble damages for the statutory claims. In order to obtain a tactical advantage with regard to Ohio's ability to seek relief from the

judgment, Trinity then waited for more than a year before attempting to collect on the judgment. *Trinity*, 312 P.3d at 980.

On appeal, the Washington Court of Appeals rejected Ohio's efforts to set aside the default judgment. It also affirmed the judgment for costs Trinity paid in defending and indemnifying its insured, *id*. at 987, but considered whether Trinity had standing to assert the subrogor's Consumer Protection Act claims. The *Trinity* court concluded that Trinity was not subrogated to its insured's statutory claims. In so holding, the court looked to the policy's subrogation clause, which provided: "If the insured has rights to recover all or part of any payment we have made under this Coverage Form, those rights are transferred to us." *Id*. at 986.

The court concluded that because Trinity had not made payments under the policy for harm caused by the Consumer Protection Act violations, the language of the policy did not cause those claims to be subrogated. *Id.* Thus, the *Trinity* court's analysis was based upon the policy language. While we agree with this approach, we do not find it to govern the decision presented in this appeal.

First, the clear language of DNJ's policy permits Western Community to pursue its ICPA claims in a subrogation action. The policy provides: "If any person or organization to or for whom we make payment under this coverage part has rights to recover damages from another, those rights are transferred to us to the extent of our payment." The ICPA claims were an alternative theory which Western Community advanced in an effort to recover the sums which it had paid to DNJ. In *Trinity*, the subrogated insurer was attempting not merely to recover its payments on behalf of its insured, it was attempting to recover treble damages under the statutory claims, which would have generated a windfall for the subrogated insurer. Thus, we conclude that the district court erred in its reliance on *Trinity*.

However, this Court "must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. When an error does not affect the substantial right of a party, the error is harmless. *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 504, 95 P.3d 977, 986 (2004). As previously noted, the jury specifically found that Krone did not breach the express terms or the implied covenant of good faith of either warranty.

5

At trial, Burks and Krone's theory was that the fire which destroyed the chopper resulted from accumulated debris, which would mean that the damage was not covered by either of Krone's warranties. Evidently, the jury found this to be persuasive, as the jury's answers to the special interrogatories indicate the jurors' acceptance of the theory. Because Western Community's ICPA claims were merely an alternative theory of recovery to its warranty and implied covenant claims and did not rely on facts different from those upon which the contract-based theories relied, the district court's error did not affect the resulting judgment. Therefore, the district court's error in dismissing the ICPA claims was harmless.

## B. The district court did not err in denying Western Community's motion for a new trial.

Western Community identifies three errors which it contends entitled it to a new trial. Western Community argues that the district court erred by: (1) allowing Burks and Krone to change their position on ownership of the chopper and privity mere days before trial; (2) dismissing its claims against Burks by way of a directed verdict; and (3) failing to instruct the jury on its theory that Burks was acting as Krone's agent.

We review a district court's decision on a motion for a new trial for an abuse of discretion. *Myers*, 140 Idaho at 506, 95 P.3d at 988. "The burden of showing the trial court abused its discretion rests with the appellant." *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016) (quoting *Walker v. Boozer*, 140 Idaho 451, 456, 95 P.3d 69, 74 (2004)).

### 1. The district court did not abuse its discretion by denying Western Community's motion to strike and permitting Burks to assert new legal and factual defenses before trial.

During a hearing regarding several motions in limine, it came to light that the chopper was actually owned by Krone—not Burks as all parties had previously believed. Western Community filed a Third Amended Complaint that reflected this new information. In response, Burks filed an amended answer that included several new affirmative defenses reflecting the new factual information. Western Community filed a motion to strike the new defenses which the district court denied because it found that the amendments did not prejudice Western Community. Western Community now argues that the district court erred by allowing the defendants to change their position on privity and then entering a directed verdict for defendant

6

Burks for lack of privity. Both Burks and Krone argue that Western Community should have performed more extensive discovery on the ownership of the chopper.[1]

The district court explained that the changes regarding the issue of privity did not prejudice Western Community. As the district court noted, privity was a central issue to the ongoing litigation. As the plaintiff, Western Community knew or "should have known it was incumbent on them to prove privity with each defendant as part of their case in chief."

When this issue was raised, the district court recognized that the issue was one of discretion. The district court's decision was within the bounds of its discretion and the district court decided the motion by application of the correct legal standard: whether the new defenses prejudiced Western Community. Finally, the district court clearly articulated the reasons for its decision. We are unable to conclude that the district court abused its discretion by denying Western Community's motion to strike.

**2. The district court did not err in entering a directed verdict for Burks.**

The district court entered a directed verdict for Burks on the ground that Western Community had not established privity between DNJ and Burks. In reviewing a decision on a motion for a directed verdict, "this Court applies the same standard the trial court applied when originally ruling on the motion." *Enriquez v. Idaho Power Co.*, 152 Idaho 562, 565, 272 P.3d 534, 537 (2012) (citing *Weinstein v. Prudential Prop. & Cas. Ins. Co.*, 149 Idaho 299, 315, 233 P.3d 1221, 1237 (2010)). Therefore, this Court exercises free review over the question of "whether there was sufficient evidence to justify submitting the claim to the jury, viewing as true all adverse evidence and drawing every legitimate inference in favor of the party opposing the motion for a directed verdict." *Id.* (quoting *Todd v. Sullivan Constr. LLC*, 146 Idaho 118, 124, 191 P.3d 196, 202 (2008)).

The district court asked Western Community to identify evidence that established privity between DNJ and Burks. Western Community pointed to the facts that: (1) Burks signed the purchase order, (2) the warranty contracts required Burks to work with purchasers in submitting a claim, and (3) the Extended Warranty used the term "dealer." However, as the district court

---

[1] These arguments advocate a position that would unnecessarily increase litigation costs. Both Burks and Krone's answers admitted that the chopper was owned by Burks. Although they now argue that Western Community failed to adequately investigate, if fault is to be ascribed, the fault lies in Burks and Krone's answers.

pointed out, uncontroverted trial testimony established that Krone owned the chopper and was responsible for all decisions regarding the warranties. Thus, we agree with the district court that Western Community failed in its burden of showing privity with regard to Burks. Because privity was a required element for the good faith and warranty claims,[2] the directed verdict was appropriate because Western Community had failed to present evidence as to a required element of the claims.

Further, any error was rendered harmless by the jury's decision. As the district court explained: "The jury had to determine whether the chopper was destroyed by a defect that should have been covered under either warranty, and they found that it was not. The jury's conclusion did not depend on who was seated at the defense table." According to the jury's findings, the destruction of the chopper was not covered by either of the warranties. Which party would be responsible if the destruction was covered by the warranties was rendered irrelevant by the jury's determination that the warranties did not cover the loss.

**3. The district court did not abuse its discretion by refusing to instruct the jury regarding agency.**

The determination whether a requested jury instruction is supported by the evidence is committed to the discretion of the district court. *Craig Johnson Const., L.L.C. v. Floyd Town Architects, P.A.*, 142 Idaho 797, 800, 134 P.3d 648, 651 (2006) (citing *State v. Elison*, 135 Idaho 546, 552, 21 P.3d 483, 489 (2001)). "Clearly, a requested jury instruction need not be given if it is either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case." *Id.* (citing *State v. Eastman*, 122 Idaho 87, 89, 831 P.2d 555, 557 (1992)).

The district court's decision clearly articulated the governing legal standard and recognized the issue as one of discretion. The district court explained why the evidence did not

---

[2] The district court decided, as a matter of law, that privity of contract is required for both implied and express warranty claims. This determination, while factoring into the district court's decision, is not a focus of this appeal. It should be noted that although the Court has recognized that privity of contract is required for implied warranty actions, *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 354–55, 544 P.2d 306, 312–13 (1975), the district court correctly recognized that this Court has never answered the question of whether privity is required for express warranty actions. *See State v. Mitchell Constr. Co.*, 108 Idaho 335, 337, 699 P.2d 1349, 1351 (1984). Because Western Community has not appealed this part of the district court's decision, we do not address this issue further.

support an agency instruction and agency was not within the scope of the pleadings. The district court further noted that "the evidence did not show any independent warranty or representation by Burks for which Krone *could* have been liable as principal." This analysis by the district court shows adherence to the applicable legal standards and the exercise of reason. Accordingly, we find no abuse of discretion in the district court's decision not to instruct the jury regarding agency.

As there is no merit to Western Community's three claims of legal error, the district court did not err by denying its motion for new trial.

**C.  Burks and Krone are entitled to attorney fees and costs on appeal.**

Western Community, Burks, and Krone all argue that they are entitled to attorney fees on appeal under Idaho Code section 12-120(3). This provision mandates an award of attorney fees to the prevailing party where the gravamen of the suit involves a commercial transaction. *Garner v. Povey*, 151 Idaho 462, 469, 259 P.3d 608, 615 (2011). Burks and Krone are the prevailing parties on appeal and are therefore entitled to reasonable attorney fees and costs incurred in this appeal.

## IV. CONCLUSION

We affirm the judgment of the district court. Burks and Krone are awarded attorney fees and costs on appeal.

Chief Justice BURDICK, and Justices Pro Tem TROUT and MELANSON **CONCUR.** JONES, J. sat, but did not participate due to his untimely death.

9